## J. F. Cook & Co. v. Williams.

(Decided June 4, 1912.)

### Appeal from Fayette Circuit Court.

1. Warranty—Construction and Scope of.—Where an express warranty embraces more than one subject; and loss occurs, due to failure or deficiency of any one of the subjects of guaranty, the warranty is broken.

2. Warranty—Conditions.—A condition in the warranty that "mares bred should be returned on the eighteenth and twenty-seventh days thereafter for service" is inapplicable in an action for breach of warranty of a jack, that he would prove to be a good breeder and performer.

3. Warranty—Remedies of Purchaser—Damages.—Where a jack was returned to the seller, because of non-fulfillment of the warranty under which he was sold, the warrantor cannot complain of an instruction limiting recovery to the guaranteed value of the animal, to-wit: the purchase price, that being less than his liability.

GEORGE C. WEBB for appellants.

W. C. G. HOBBS for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This litigation grows out of an alleged breach of warranty in the sale of a jack. Appellants are dealers in jack stock, near the city of Lexington, Kentucky, and appellee is a farmer at Suffolk, Virginia. In January, 1909, appellee purchased of appellants a jack known as "Bardeaux II" for $800. At the time of this purchase and sale, appellants executed and delivered to appellee a writing, by the terms of which it was agreed that if this jack should prove unsatisfactory, appellee might return him to appellants and receive, in exchange therefor, another jack. In accordance with the provisions of this writing, appellee returned "Bardeaux II" to appellants on the first of May, 1909, and received in exchange therefor another jack, known as "La Fayette King." He likewise proved to be unsatisfactory, and after retaining him for the balance of the season, appellee reshipped him to appellants and demanded, either a jack of the value of $800, or the return to him of his money. They offered appellee the choice of several jacks, but, as he did not regard any of them as anything like equal in value to the kind of a jack, that his contract called for,

he declined to accept one and instituted suit against appellants, in which he sought to recover $800, the original cost of the jack, with interest thereon, together with certain items of expense incurred in shipping the two jacks from his home in Virginia to appellants at Lexington, Kentucky, the sum total amounting to something over $1,200.

The following is the contract of sale, the breach of which is relied upon by appellee to support his claim:

"This bill of sale and contract of guaranty made and entered into this first day of May, 1909, by and between J. F. Cook & Co., of Lexington, Ky., as parties of the first part, and of J. T. Williams, of the city of Suffolk, and State of Virginia, as party of the second part.

"WITNESSETH: That the parties of the first part, for and in consideration of the sum of ———————— dollars, has this day sold and does by these presents, deliver to said party of the second part one jack four years old and named La Fayette King.

"Of the consideration above mentioned, the sum of $800 is cash in hand paid, the receipt is hereby acknowledged, and the balance is to be paid as follows: Exchange for jack returned named Bardeaux II.

"The parties of the first part hereby guarantee said animal to be good breeder and performer and at least fifty per cent foal getter, and if he should prove to be otherwise, the party of the second part agrees to return same, at his own expense, to the nearest barn of the parties of the first part, at any time within 12 months from this date and receive in exchange therefor another jack of equal value; provided said party of the second part, shall, previous to the date of his intention to return said animal, give to the said parties of the first part written notice of said intention, and provided, further that said party of the second part agrees to give said jack the proper care and treatment and agrees to breed him to not more than two mares, or one mare and one jennet or two jennets in any one day, and to try each of them on the 18th and 27th days thereafter; and to send to the office of the parties of the first part, at Lexington, Ky., each month during the breeding season, the number of mares bred the previous month and the names of the owners or breeders and the address thereof."

"Witness the hands of the parties hereto, this the day and year first above written.

(Signed) "J. F. Cook & Co."

Appellants, in their answer, admitted the sale of Bardeaux II, his return and exchange for La Fayette King, and the return of La Fayette King to them; but denied that there had been any breach of the warranty. They further pleaded that, upon the return of La Fayette King, they offered to give appellee, in exchange for him, a jack meeting all the requirements of their contract, as set out in the foregoing bill of sale. Upon this issue, the case was tried before a jury, with the result that appellee recovered a verdict for $800. From the judgment predicated thereon, this appeal is prosecuted.

The evidence shows conclusively that the jack, Bardeaux II, was utterly worthless for the purpose, for which he was bought. It likewise shows that La Fayette King was but little better; that, instead of being a good breeder and performer, he was a very indifferent animal. In fact, appellants offered no evidence tending to controvert that introduced by appellee to the effect that he was a poor performer. The only question seriously controverted, was the charge that appellants had failed to tender to appellee another jack of equal value, in exchange for him. This question was fairly submitted to the jury, and the jury having found in favor of appellee, the only remaining question is: Did the instruction on the measure of damages, as given by the court, present the law of the case upon this point, as authorized by the evidence? The court, in its instruction on the measure of damages, told the jury that if they found for the plaintiff, they would find for him in the sum of $800, and that they might, or not, allow interest from the date the jack, La Fayette King, was delivered back to the defendants. This instruction was decidedly more favorable to appellants than they were entitled to have. By reason of the failure of the warranty, appellee had been put to large expense because the jack did not measure up to the stipulations of the warranty, but, in the instructions given, the court limited appellee's right to recover to the actual amount of money paid by him for the jack. This instruction was certainly not prejudicial to appellants. It will be observed that the warranty covered two points: First, it guaranteed the jack to be a good breeder and performer; and second, a sure foal getter, to the extent of at least fifty per cent of the mares served.

Complaint is made that the instruction bearing upon the breach of warranty was not as full as it should have been, in that it did not require the jury to believe that

the plaintiff caused the mares served to be returned to the jack on the eighteenth and twenty-seventh days before they could believe that there was a breach of that part of the warranty guaranteeing him to be a sure foal getter. This was not prejudicial, however, since all of the evidence showed that neither of the jacks was a good breeder or performer, and upon this branch of the case the plaintiff was entitled to a finding by the jury that there had been a breach of the warranty. Hence, it was unnecessary that there should have been a finding that there was a further breach as to that part thereof, which guaranteed that he was at least a fifty per cent foal getter.

The only real question at issue, as stated, was as to whether or not appellants had tendered to appellee a jack, equal in value to the one returned to him. The finding of the jury having been against appellants upon this point and the instruction on the measure of damages having been more favorable than appellants were entitled to have, no reason is presented in the record why the judgment of the lower court should be disturbed.

Judgment affirmed.